# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 7, 2022

Lyle W. Cayce
Clerk

No. 20-20533
Summary Calendar

DAVID GARZA,

*Plaintiff—Appellant*,

*versus*

LORIE DAVIS; TROY SELMAN, *Warden*;
BETTY WILLIAMS, *Medical Doctor*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
No. 4:18-CV-4387

Before SMITH, STEWART, and GRAVES, *Circuit Judges*.
PER CURIAM:*

David Garza, Texas inmate #1633521, appeals the summary-judgment dismissal of his 42 U.S.C. § 1983 civil action alleging that the defendants were deliberately indifferent to his serious medical needs by denying him proper

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-20533

medication to manage his chronic pain.  Garza further challenges the denials of his motion to amend and supplement his complaint and his motion for appointment of counsel.  We affirm.

The district court did not err by granting summary judgment.  *See McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012).  The competent summary judgment evidence shows that Dr. Williams prescribed Garza a 30-day course of naproxen—the pain medication he specifically requested—with no refills and warned him about risks of long-term use of naproxen that were specific to his underlying health conditions.  The evidence also shows that Garza was prescribed two other medications for pain management—one with multiple refills—and also had access to acetaminophen by request.  Accordingly, the district court properly determined that there is no genuine dispute of material fact and that Dr. Williams is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a); *Gobert v. Caldwell*, 463 F.3d 339, 345-46 (5th Cir. 2006).  Furthermore, Garza has waived, by failure to brief, any challenge to the summary judgment for the remaining defendants.  *See Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Additionally, Garza fails to show an abuse of discretion in the denial of his motions to amend and supplement his complaint.  *See Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 232 (5th Cir. 2012); *Burns v. Exxon Corp.*, 158 F.3d 336, 343 (5th Cir. 1998).  He also does not demonstrate that the district court abused its discretion in declining to appoint counsel.  *See Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007).

AFFIRMED.